UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00091-GNS

GERALD HAYNES; and
VICKI NELSON DECKER                                                    PLAINTIFFS

v.

MONTY J. LANKFORD; and
RURAL PHYSICIAN PARTNERS, LLC                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 5). No response was filed, and the motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I.  STATEMENT OF FACTS AND CLAIMS

On or about August 3, 2015, Defendant Monty J. Lankford ("Lankford") executed a promissory note ("Note") in his capacity as President of Defendant Rural Physician Partners, LLC ("RPP"). (Verified Compl. ¶ 5, DN 1-2). Under the terms of the Note, RPP was obligated to pay Plaintiffs Vicki Nelson Decker and Gerald Hayes the sums of $65,000 and $150,000, respectively. (Verified Compl. ¶ 5). Plaintiffs alleged that RPP failed to pay the sums when due. (Verified Compl. ¶ 6).

Plaintiffs filed this action in Warren Circuit Court against Defendants asserting, *inter* alia, claims against Lankford in both his official and individual capacities. (Verified Compl. ¶ 3). Plaintiffs alleged that Defendants breached the terms of the promissory note. (Verified Compl.

¶¶ 4-7). Subsequently, Defendants removed the case to this Court. (Notice Removal, DN 1). In the present motion, Lankford moves to dismiss the claim asserted against him in his individual capacity. (Def.'s Mem. Supp. Mot. Dismiss 3-5, DN 5-1).

## II.     JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.

## III.     STANDARD OF REVIEW

A complaint will be dismissed when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). Considering motions under Rule 12(b)(6) requires the Court to construe the complaint in the most favorable light for the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citation omitted). While the pleadings need not contain detailed factual allegations, the nonmoving party must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV.     DISCUSSION

In his motion, Lankford asserts that he cannot be liable under the Note in his individual capacity. (Def.'s Mem. Supp. Mot. Dismiss 3-5). While the Court could summarily grant the motion without considering its merits for Plaintiffs' failure to respond, the Court will nevertheless briefly discuss why the motion is granted on its merits. *See* Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not so respond, summary judgment should, if appropriate, be

2

entered against that party."); LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion.").

The Kentucky Supreme Court has held "that if the body of the contract states that the agreement is with a corporation or other entity, then the officer or agent signing the agreement has not signed in her individual capacity and cannot be held personally liable solely because of her signature." *Pannell v. Shannon*, 425 S.W.3d 58, 65 (Ky. 2014). *See also Griffin v. Jones*, 170 F. Supp. 3d 956, 968 n.6 (W.D. Ky. 2016) ("Jones did sign the SE Book operating agreement and the management agreement between CA Jones Management and College Book Rental. However, Jones signed these agreements in his representative capacity as an officer of one of the signatories, not in his individual capacity, and therefore cannot enforce these agreements in his individual capacity." (citing *Pannell*, 425 S.W.3d at 65)). Thus, execution of a document on behalf a limited liability company does not render a member or its officers liable for a promissory note executed on behalf of the company unless expressly contemplated by the terms of the contract.

It is uncontroverted that Lankford signed the promissory note in his capacity as President of Rural Physician Partners, LLC, which is reflected by the notation below his signature on the document. (Verified Compl. Ex. A, at 5, 10, DN 1-2). In addition, Plaintiffs have specifically alleged that "[a] secured Promissory Note was executed by Monty J. Lankford in the name of Rural Physicians [sic] Partners, LLC, as its President . . . ." (Verified Compl. ¶ 5 (emphasis added)). Accordingly, Plaintiffs have failed to state a claim against Lankford in his individual capacity.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 5) is **GRANTED**, and Plaintiffs' claim against Monty J. Lankford in his individual capacity is **DISMISSED WITH PREJUDICE**. Plaintiffs' claims may proceed against Monty J. Lankford in his official capacity and Rural Physician Partners, LLC.

**Greg N. Stivers, Judge**
**United States District Court**

September 28, 2017

cc: counsel of record